**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CARLOS SOUZA, JAQUELINE
OLIVIERA, JOSE SOARES, JOSE
SOARES SEGUNDO,
                Plaintiffs,

-vs-                                              Case No. 6:07-cv-1908-Orl-19KRS

RELIABLE PERSONNEL SERVICES,
INC.; CENTURY 2000 MANAGEMENT &
ADMINISTRATION, INC.; DELTA
DRIVERS SERVICE, INC.; RALPH
JAMES; LUIS CAAMANO (a/k/a Louis
Carmano); AVIS BUDGET GROUP, INC.;
                Defendants.
_____

## ORDER

This case comes before the Court on the following:

1. Report and Recommendation of the United States Magistrate Judge Recommending that the Court Direct the Clerk of the Court to Close the Case Administratively Pending Resolution of Defendant Caamano's Bankruptcy Proceedings or Entry of an Order Lifting Stay for Purposes of Vacating the Default Judgment Entered Against Him (Doc. No. 99, filed Nov. 3, 2009);

2. Second Renewed Joint Motion for Approval of Confidential Settlement Agreements, Stipulation of Dismissal with Prejudice, and Motion to Vacate Prior Default Judgment (Doc. No. 101, filed Nov. 12, 2009); and

3. Report and Recommendation of the United States Magistrate Judge Denying the Second Renewed Joint Motion for Approval of Confidential Settlement Agreements, Stipulation of

Dismissal with Prejudice, and Motion to Vacate Prior Default Judgment (Doc. No. 102, filed Nov. 19, 2009).

**Background**

This case arises out of an employment relationship between Carlos Souza and Century 2000 Management & Administration, Inc. ("Century 2000").[1] (Doc. No. 1 ¶ 6, filed Dec. 4, 2007.) In the original Complaint, Souza alleges that Century 2000 violated the Fair Labor Standards Act, 29 U.S.C. § 216(b), by failing to provide Souza and other similarly situated employees with time and one-half their regular pay for each hour worked in excess of forty hours per week. (*Id.* ¶¶ 1,10.) The Complaint was later amended to include Reliable Personnel Services, Inc., Delta Driver Services, Inc. ("Delta"), Avis Budget Group, Inc., Ralph James, Luis Caamano, and Budget Group, Inc. as Defendants. (Doc. No. 59, filed Dec. 11, 2008.)

On April 14, 2009, the Court entered a default judgment against Delta for failure to retain counsel as required by law and against Caamano failure to plead or otherwise defend the case. (Doc. No. 82.) On June 19, 2009, the remaining parties entered into a settlement agreement and sought approval of the Court. (Doc. No. 89.) During a hearing on July 20, 2009, counsel advised the Court that Caamano had filed for bankruptcy protection in *In re Caamano*, No. 6:09-bk-09482-KSJ (Bankr. M.D. Fla. July 2, 2009), and the Magistrate Judge entered an order staying the case as to Defendant Caamano. (Doc. No. 94.) In response, the parties filed a Joint Stipulation for Dismissal Without

---

[1] Plaintiff's counsel has spelled Defendant Caamano's name variously as "Louis Carmano" and "Louis Caamano." (Doc. Nos. 1, 80.) The default judgment in this case was entered against "Louis Carmano." (Doc. No. 81.) The parties have referred to such party as "Luis Carmano" and "Luis Camano" in their settlement agreement. (Doc. No. 89-2.) According to the bankruptcy petition, the proper spelling of this Defendant's name is "Luis Caamano." *In re Caamano*, No. 6:09-bk-09482-KSJ (Bankr. M.D. Fla. July 1, 2009).

Prejudice as to Defendant Luis Caamano Only and a Joint Renewed Motion to Approve Settlement. (Doc. No. 95, filed Aug. 20, 2009; Doc. No. 96, filed Sept. 11, 2009.)

On November 3, 2009, the United States Magistrate Judge entered a Report and Recommendation recommending that the Court direct the Clerk of the Court to close the case administratively pending resolution of Defendant Caamano's bankruptcy proceedings or enter an order lifting the stay for purposes of vacating the default judgment against Caamano. (Doc. No. 99.) The Magistrate Judge was concerned that, in light of the default judgment, dismissing the case against Caamano without prejudice would lead to the excessive recovery of attorneys' fees by Plaintiff's counsel. (*Id*.) On November 12, 2009, the parties filed a Second Renewed Joint Motion for Approval of Confidential Settlement Agreements, Stipulation of Dismissal with Prejudice, and Motion to Vacate Prior Default Judgment. (Doc. No. 101.) The United States Magistrate Judge then entered a second Report and Recommendation recommending that the Court consider the previous motion and determine whether the judgment against Delta and Caamano may be vacated in the absence of a stay from the bankruptcy court while the bankruptcy case is pending. (Doc. No. 102, filed Nov. 19, 2009.)

**Analysis**

In the present case, the parties seek to vacate the prior default judgment entered against Delta and Caamano (Doc. No. 101) and to dismiss the case with prejudice against both parties despite Caamano's pending bankruptcy proceeding. (Doc. No. 100.) The question before the Court is therefore whether, in the presence of an automatic stay of a bankruptcy proceeding, a district court retains jurisdiction to vacate a prior default judgment and to dismiss the case against the debtor with prejudice.

The automatic stay in bankruptcy proceedings is designed to protect creditors and prevent a "'chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts.'" *Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1069 (5th Cir. 1986) (quoting *In re Holtkamp*, 669 F.3d 505, 509 (7th Cir. 1982); *Fidelity Mortgage Investors v. Camellia Builders, Inc.*, 550 F.2d 47, 55 (2d Cir. 1976). The automatic stay, defined in 11 U.S.C. § 362(a), prohibits:

> (1) the commencement or continuation . . . of . . . [an] action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> (2) the enforcement of a judgment, against the debtor . . . obtained before the commencement of the case under this title . . . .

11 U.S.C. § 362(a)(1-2). However, "[t]he automatic stay of the bankruptcy court does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding." *Picco v. Global Marine Drilling Co.*, 900 F.3d 846, 850 (5th Cir. 1990). "[D]istrict courts retain jurisdiction to determine the applicability of the stay to litigation pending before them and to enter orders not inconsistent with the terms of the stay. *Id.* (citing *Hunt*, 799 F.2d at 1069); *Thomas v. Blue Cross and Blue Shield Ass'n*, 333 F. App'x 414, 417 (11th Cir. 2009) (finding that the automatic stay of bankruptcy did not prohibit the district court from exercising control over the debtor's counterclaims); *Crosby v. Monroe County*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004) ("The automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, does not extend to lawsuits initiated by the debtor."). For example, courts have found that the unilateral dismissal of a claim against a bankrupt is not inconsistent with the terms of the stay because it assists rather than interferes

with the goals of bankruptcy proceedings.[2] *Chase Manhattan Bank v. Celotex Corp.*, 852 F. Supp. 226, 228 (S.D. NY 1994); *Gallagher v. Sports Publ'g, LLC*, No. 07-CV-2025, 2009 WL 294400 (C.D. Ill. Feb. 4, 2009) (concluding that the dismissal of a bankruptcy debtor from a lawsuit does not violate the automatic stay where the dismissal results in no additional cost or risk to the bankrupt party or its creditors); *Slay v. Living Center East, Inc.*, 239 B.R. 807 (S.D. Ala. 2000) (upholding the voluntary dismissal of the bankrupt with prejudice where the voluntary dismissal assisted rather than interfered with the goals of Chapter 11).

The entry of an order vacating Caamano's default judgment and dismissing the case against him with prejudice is not inconsistent with the purposes of the bankruptcy code because it will not incur any additional cost or risk to Caamano or his creditors. *See Celotex*, 852 F. Supp. at 228. In fact, quite the opposite will occur. The entry of the requested order will actually improves the position of Caamano and his creditors by removing a significant financial liability. Accordingly, the Court retains jurisdiction to vacate the prior default judgment and dismiss the case against Caamano with prejudice because the entry of such an order will not violate the automatic stay of the bankruptcy court.

**Conclusion**

Based on the foregoing, the Second Renewed Joint Motion for Approval of Confidential Settlement Agreements, Stipulation of Dismissal with Prejudice, and Motion to Vacate Prior Default

---

[2] While in *Picco* the Fifth Circuit did not reach the issue raised in this case, the *Picco* court stated in a footnote that "[a]lthough we express no opinion on the matter, we note that there is ample authority supporting the proposition that an order dismissing a creditor's action against the debtor is completely consistent with the provision of the automatic stay." *Picco*, 900 F.3d at 850 n.6 (citing *Dennis v. A.H. Robins Co.*, 860 F.2d 871 (8th Cir. 1988)).

Judgment (Doc. No. 101, filed Nov. 12, 2009) is **GRANTED in part.** The Motion is **GRANTED** to the extent the parties seek to vacate the prior default judgment against Louis Carmano, aka Luis Caamano, and Delta Driver Service, Inc. (Docket Number 81) and to dismiss the case against both parties with prejudice. The remainder of the Motion is referred to the United States Magistrate Judge for consideration of the fairness of the proposed settlement.

**DONE** and **ORDERED** in Orlando, Florida on December 15, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties